# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SIEGEL,<br><br>        Petitioner,<br><br>v.<br><br>Robert Neuschmid; Xavier Becerra The Attorney General of the State of California,<br><br>        Respondent. | Case No.: 18-cv-02493-WQH-BGS<br><br>**REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 6]** |

  Petitioner Joshua Siegel ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. §2254, challenging his 2014 conviction in San Diego County Superior Court case number SCD248328. (ECF No. 1.)[1] Respondent Robert Neuschmid ("Respondent") moves to dismiss the Petition contending the Petition is untimely. (ECF No. 6.) Petitioner

---

[1] The Court cites the CM/ECF pagination when referencing the Petition and attached exhibits (ECF No. 1) and Respondent's Motion to Dismiss (ECF No. 6). It cites to internal pagination for Lodgments.

did not file an opposition. (*See* docket.)

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636 (b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. Based on the documents and evidence presented, and for the reasons set forth below, the Court **RECOMMENDS** that Respondent's Motion to Dismiss (ECF No. 6) be **GRANTED** and that this action be **DISMISSED**.

I. **BACKGROUND**

On August 27, 2014, a jury in San Diego County Superior Court case number SCD248328 convicted Petitioner of one count of attempted robbery pursuant to California Penal Codes § 211 and § 664; two counts of assault with a deadly weapon pursuant to Penal Code § 245(a)(1); and one count of burglary pursuant to Penal Code § 459. A true finding was made that Petitioner personally used a deadly and dangerous deadly weapon pursuant to Penal Code §§ 12022(b)(1), 1192.7(c)(23), and Petitioner admitted to seven prior strike offenses and seven prior serious felony offenses. (Lodgment 3, CT at 264–67; Lodgment 12 at 2–3.) On March 13, 2015, Petitioner was sentenced to eighty-one (81) years to life in prison. (Lodgment 3, CT at 207, 209.)

Petitioner filed a timely direct appeal with the California Court of Appeal. (Lodgment 12 at 3; Lodgment 4.) Following briefing, the California Court of Appeal issued an opinion affirming the judgement. (Lodgment 7.) On March 13, 2017, on a rehearing, the California Court of Appeal again affirmed the trial court's ruling. (Lodgment 12 at 59.) Petitioner then filed a petition for review with the California Supreme Court. (Lodgment 13.) On June 21, 2017, the California Supreme Court denied the petition for review. (Lodgment 14.)

Petitioner did not file any state habeas corpus petitions. (*See* Lodgments.) He constructively filed the instant federal Petition for Writ of Habeas Corpus on October 24, 2018, nearly sixteen months after the California Supreme Court's denial, in which he

alleges nine claims of various due process violations and ineffective assistance of counsel. (ECF No. 1 at 14.)

Respondent filed his Motion to Dismiss the Petition on June 26, 2019. (ECF No. 6.) Petitioner did not file any opposition to the motion. (*See* ECF No. 4 [setting opposition deadline as August 22, 2019].)

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts expressly permits a district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254; *see also Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) ("Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.").

As an initial matter, the Court notes that Petitioner named two Respondents in his Petition: Robert Neuschmid, the Warden, and Xavier Becerra, the California Attorney General. (*See* ECF No. 1.) Rule 2 of the Rules Governing § 2254 Cases provides that the state officer having custody of the petitioner shall be named as respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases, foll. 28 U.S.C.A. § 2254. "If the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." *Id.* Rule 2(b). Petitioner is in custody and is currently serving his sentence. Because there is no basis for Petitioner to have named the California Attorney General as a Respondent, the Court **RECOMMENDS** dismissing Xavier Becerra as a named Respondent to this action.

In his Motion to Dismiss, Respondent Neuschmid moves to dismiss the Petition as untimely. (ECF No. 6-1.) Respondent asserts that the limitations period in this case started to run in September 2017 when Petitioner's state court judgment became final. (*Id.* at 2–3.) Respondent argues that Petitioner is not entitled to statutory or equitable tolling. (*Id.*)

As noted above, Petitioner did not file an opposition.

### A. The Petition Is Barred by the AEDPA Statute of Limitations

Respondent argues the Petition is barred by the Antiterrorism and Effective Death Penalty Act of 1996's one-year statute of limitations as no statutory tolling occurred before the limitations period expired and there is no basis for equitable tolling. (ECF No. 6–1 at 2–3). For the reasons discussed below, statutory tolling does not render the Petition timely, Petitioner is not entitled to equitable tolling, and he does not fall within the narrow actual innocence exception.

#### 1. AEDPA's One Year Statute of Limitations and Commencement of the Limitations Period

The instant Petition was filed after April 24, 1996 and is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides a one-year statute of limitations for filing a habeas corpus petition in federal court. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing 28 U.S.C. § 2244(d)(1)). This one-year statute of limitations period begins to run at the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, subparagraphs (B) through (D) are not applicable to Petitioner. He has provided no argument or evidence that there were state impediments preventing him from seeking further relief, that his claims rely on a new constitutional

4

right, or that the factual predicate for his claim was unknown at the time his conviction became final. Thus, AEDPA's one-year statute of limitations begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Petitioner had one year from the date his conviction became final to file a petition for writ of habeas corpus in federal court. *Calderon v. U.S. District Court*, 128 F.3d 1283, 1286–87 (9th Cir. 1997), *as amended on denial of reh'g and reh'g en banc, cert. denied*, 522 U.S. 1099 (1998), *overruled on other grounds by Calderon v. U.S. District Court*, 163 F.3d 530 (9th Cir. 1998), *cert. denied* 523 U.S. 1063 (1999).

When a habeas petitioner seeks discretionary review by the state's highest court but does not file a petition with the United States Supreme Court, the judgment becomes final when the prisoner's time to petition the Supreme Court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012); *see also United States v. Winkles*, 795 F.3d 1134, 1136 n.1 (9th Cir. 2015) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)) ("The time for filing a section 2255 motion is one year from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). This period includes the 90 days in which a defendant may petition for certiorari to the Supreme Court.") United States Supreme Court Rule 13 provides that a petition for certiorari must be filed within ninety days of the entry of an order denying discretionary review by the state supreme court. *See* Sup. Ct. R. 13. Thus, Petitioner's conviction became final 90 days after the California Supreme Court denied his petition for direct review. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999).

Here, Petitioner filed a direct appeal of his case to the California Court of Appeal and later filed a petition for review with the California Supreme Court. (Lodgments 4, 13.) The California Supreme Court denied the petition on June 21, 2017. (Lodgment 14.) After ninety days, on September 19, 2017, Petitioner's conviction became final for the purposes of AEDPA. *See Bowen*, 188 F.3d at 1158–59 (finding that because direct review of a conviction includes the ninety-day period within which a petitioner could have filed a

petition for a writ of certiorari from the United States Supreme Court). The statute of limitations for federal habeas corpus began to run on September 20, 2017, the day after the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the one-year statute of limitations under AEDPA begins to run the day after the conviction becomes final). Petitioner had 365 days, until September 18, 2018, to file his federal habeas petition. However, the instant federal Petition was not constructively filed until October 24, 2018. (*See* ECF No. 1.) Thus, absent statutory or equitable tolling, the Petition is untimely on its face and must be dismissed. *See Calderon*, 128 F.3d at 1288 (AEDPA's statute of limitations may be subject to both statutory and equitable tolling).

### 2. Statutory Tolling

AEDPA's statutory tolling provision suspends the one-year statute of limitations period for the amount of time a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir. 1999), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002). A petitioner "bears the burden of proving that the statute of limitations was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Petitioner did not file any state habeas corpus petitions. (*See* Lodgments.) Thus, Petitioner is not entitled to any statutory tolling and the one-year statute of limitations period expired on September 19, 2018. Unless Petitioner can establish he is entitled to equitable tolling, his Petition is untimely.

### 3. Equitable Tolling

In addition to statutory tolling, AEDPA's one-year statute of limitations may be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645

(2010). However, the threshold necessary to trigger equitable tolling is high and, thus, it is not available in most cases. *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010). Petitioner bears a heavy burden to prove an entitlement to equitable tolling, "lest the exceptions swallow the rule." *Id.* (internal quotation marks omitted). To be entitled to equitable tolling, a habeas petitioner has the burden to establish two elements: (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace*, 544 U.S. at 418); *see also Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (same). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001)).

Here, Respondent argues Petitioner is not entitled to equitable tolling because "[t]he factual predicates for his claims were known to him since the filing of the petition for review (Lodgment 13), since all he has done in these federal proceedings is attach copies of the petition for review, and the decision of the California Court of Appeal as the basis for his claims in this Court." (ECF No. 6-1 at 3.)

In what appears to be a letter appended to final pages of his Petition, Petitioner states that the Petition "may be late" because he has "been moved to four different prisons within the past two and a half years and my legal papers did not arrive with me, causing delay in getting my petition in on time." (ECF No. 1 at 154.) He does not specify the dates he was relocated to the various facilities, how long he was without access to his legal materials, when he gained access to his legal materials, or whether he requested his materials during that time. (*See id.*); *see Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002) (a "temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation."); *Hartley v. Hall*, 335 F. App'x 686, 687 (9th Cir. 2009) ("there must be a causal link between lateness and the extraordinary circumstances").

While the Ninth Circuit has held that "a complete lack of access to a legal file may constitute an extraordinary circumstance", Petitioner has not demonstrated that a complete lack of access to his legal file made timely filing impossible. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (discussing *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027–28 (9th Cir. 2005), which held equitable tolling was appropriate when petitioner was deprived of his legal papers for eleven months despite his diligence and had only one month to file). Additionally, he has failed to show that he diligently pursued his right to obtain his legal papers. *See Rodriguez v. Evans*, No. C 05 4560 JP PR, 2007 WL 951820, at *6 (N.D. Cal. Mar. 28, 2007) (no equitable tolling when petitioner had access to his legal materials two months prior to the expiration of AEDPA's one-year limitations period and did not allege that he was denied access to his legal materials despite his requests). Finally, Petitioner did not oppose Respondent's Motion to Dismiss and thus failed to address why he should be entitled to equitable tolling given Respondent's assertion to the contrary. (*See* docket.) When given an opportunity to explain the circumstances surrounding the untimeliness of his Petition, he declined to do so. Accordingly, the Court concludes that Petitioner has not established facts demonstrating he is entitled to equitable tolling. *See Espinoza-Matthews*, 432 F.3d at 1026 (petitioner "bears the burden of showing that equitable tolling is appropriate").

### 4. Miscarriage of Justice Exception

Under the "fundamental miscarriage of justice" exception to the AEDPA limitation period, a habeas petitioner may pursue constitutional claims on the merits "notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). In rare and extraordinary circumstances, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the one-year statute of limitations applicable to federal habeas petitions under AEDPA. *Id.* at 386; *see also Lee v. Lampert*, 653 F.3d 929, 934–37 (9th Cir. 2011) (en banc). To show actual innocence, the petitioner must meet the threshold requirement set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). This requires a petitioner to "support his allegations of constitutional error

with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. Further, a petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329 [noting the miscarriage of justice exception only applies to cases in which new evidence shows "it is more likely than not that no reasonable juror would have convicted the petitioner"]). This exacting standard "permits review only in the extraordinary case, but it does not require absolute certainty about the petitioner's guilt or innocence." *Larsen v. Soto*, 742 F.3d 1083, 1095 (9th Cir. 2013). Critically, "actual innocence," for purposes of *Schlup*, "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner does not argue that he was "actually innocent" of the crimes for which he was convicted. (*See* ECF No. 1 [raising claims of procedural due process violations and ineffective assistance of counsel].) Further he has presented no new evidence that warrants such a finding. Thus, Petitioner is not entitled to tolling pursuant to the actual innocence exception.

### 5. Conclusion

The Petition is not timely under 28 U.S.C. § 2244(d)(1). As discussed above, statutory tolling does not render the Petition timely, as Petitioner never filed a state habeas petition, and Petitioner has not met the heavy burden to prove he is entitled to equitable tolling. Further, he does not claim to fall within the miscarriage of justice exception. Thus, the Petition is barred as untimely under AEDPA's statute of limitations and must be dismissed.

### III. CONCLUSION AND RECOMMENDATION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) **GRANTING** Respondent's Motion to Dismiss the Petition (ECF No. 6); and

(3) directing that judgment be entered dismissing the Petition.

**IT IS HEREBY ORDERED** that no later than **February 25, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties by **March 3, 2020**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir 1991)).

Dated: February 4, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge